IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-145 |
| | ) | |
| TELFAIR COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Telfair County, Edwin Neal, Annie Williams, Jason Boone, Jason White, Dakkia Bradshaw, former Sheriff Chris Steverson, Sheriff Simeon Davidson, Chief Officer Billy Johnson, Capt. Kyle Carver, Lt. Terry Moon, Staff Sgt. Justin Fussell, Sgt. Alisa Zanders, Deputy FNU Justin Toler, Officer Nikki McRae, Officer Eleanor Powell, Officer Nicholas Hulett, Officer Gary Battle, Officer Gerry Floyd, and Deputy Ron Bowdoin, each in their individual and official capacities (hereinafter collectively the "County Defendants"), move to stay discovery, including all Rule 26 obligations, pending a ruling on the County Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.  (Doc. nos. 22, 23.)  Although County Defendants filed a notice of intent to reply to Plaintiff's opposition, (doc. no. 38), the Court has sufficient information to make its ruling without awaiting another filing.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion

to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from the County Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion seeks dismissal of all claims against these Defendants. (See doc. no. 22.) It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. This is especially true here considering the grand scope of factual allegations, claims, and numerous listed Defendants. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

For these reasons, the Court **GRANTS** the County Defendants' motion, (doc. no. 23), and **STAYS** all aspects of discovery pending resolution of the County Defendants' motion to dismiss. After the District Judge's ruling on the motion to dismiss, any remaining parties shall confer and submit a new Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's decision.

SO ORDERED this 9th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA