IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JONATHAN C. DAVIS,                        *
                                          *
      Plaintiff,                          *
                                          *
      v.                                  *        CV 322-145
                                          *
TELFAIR COUNTY, through its Commission    *
Chair Edwin Neal, in his official         *
capacity;                                 *
                                          *
TELFAIR COUNTY COMMISSIONERS,             *
individually and in official              *
capacities, Edwin Neal, Annie Williams,   *
Jason Boone, Jason White, and Dakkia      *
Bradshaw;                                 *
                                          *
FORMER SHERIFF CHRIS STEVERSON,           *
individually and in his official          *
capacity;                                 *
                                          *
The following deputies in their           *
individual and official capacities:       *
CHIEF BILLY JOHNSON, CAPT. KYLE CARVER,    *
LT. TERRY MOON, STAFF SGT. FUSSELL,       *
SQT. ALISA ZANDERS, FNU CLEMMONS, FNU     *
TOLER, RON BOWDOIN, and FNU and LNU       *
BLACK WOMAN, in tower when Plaintiff      *
assaulted 10.21.2022;                     *
                                          *
Officers whose first names are unknown,   *
sued individually and in their official   *
capacity:  CLEMENTS, TOBY, MCRAE,         *
ROUNDTREE, EUBANKS, POWELL, CARTER,       *
HULETT, JOHNSON, OCASIO (deceased),       *
MCLOON, BATTLE and FLOYD;                 *
                                          *
UNKNOWN OFFICERS, JOHN AND MARY DOE       *
1-20, individually and in his/her         *
official capacity;                        *
                                          *
SHERIFF SIM DAVIDSON, individually and    *
in his official capacity beginning        *
January 2021;                             *

```
HOSPITAL AUTHORITY OF DODGE COUNTY         *
d/b/a Dodge County Hospital;               *
                                           *
THE SOUTHLAND MEDICAL GROUP, LLC,          *
d/b/a SOUTHLAND MEDICAL; and               *
                                           *
DINGANE BARUTI, MD, and/or DR. FNU         *
GOBERDAHN, and/or DR. JANE OR JOHN DOE;    *
                                           *
      Defendants.                          *
```

## O R D E R

On October 21, 2022, Plaintiff Jonathan C. Davis initiated this civil case.  The amended and operative complaint was filed on December 9, 2022. (Am. Compl., Doc. No. 12.)  The case arises out of Plaintiff's period of incarceration at the Telfair County Jail from September 18, 2020 to March 4, 2021.  Plaintiff prefaces the amended complaint stating that he is asserting claims for deprivations of federal constitutional rights under color of law pursuant to 42 U.S.C. §§ 1983 and 1985(3).

On January 20, 2023, the County Defendants filed a motion to dismiss the amended complaint.  The County Defendants include the first seven groupings of the case caption, which the Court will refer to in short as Telfair County, Telfair County Commissioners, Former Sheriff Steverson, Supervising Deputies, Officers, John Doe Officers, and Sheriff Davidson.  Plaintiff has responded, and the County Defendants have filed a reply brief.

2

The United States Magistrate Judge stayed discovery in the case at the end of March 2023 until the resolution of the motion to dismiss.  Though Plaintiff objected to the stay, for the sake of clarity the Court had concluded that the Magistrate Judge's exercise of discretion in the matter was not clearly erroneous or contrary to law.

To facilitate the Court's examination of the amended complaint herein, a general overview of § 1983 liability is first provided.  The Court will then discuss the factual allegations and the causes of action in the amended complaint in some detail, particularly noting the County Defendants' first argument that the amended complaint is a shotgun pleading.  Finally, the Court will consider some of the substantive aspects of the matter and conclude with a directive to Plaintiff to file a second amended complaint.

## I.   § 1983 Liability

Section 1983 creates a private right of action for the deprivation of federal rights by persons acting under color of state law.  42 U.S.C. § 1983.  In order to establish individual liability under § 1983, a plaintiff must prove "an affirmative causal connection" between the defendant's acts or omissions and the alleged constitutional deprivation.  Williams v. Bennett, 689 F.2d 1370, 1380-81 (11th Cir. 1982) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)).  Causation may be established

3

by showing that the individual defendant: (1) was personally involved in the acts that resulted in the constitutional violation; (2) created a policy or custom that caused the violation; or (3) breached a legal duty and thereby caused the injury. Fikes v. Abernathy, 793 F. App'x 913, 919 (11th Cir. 2019) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). "'[T]he inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.'" O'Kelley v. Craig, 781 F. App'x 888, 895 (11th Cir. 2019) (quoting Williams v. Bennett, 689 F.2d at 1381)).

Moreover, it is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior. See, e.g., Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (quoted source omitted). Rather, a supervisor is only liable for his subordinates' acts when he directly participates in the unconstitutional conduct or where there is a causal connection between his own actions and the alleged constitutional violation. Id. at 1047-48. A causal connection may be established under the following circumstances: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," (2) the supervisor's "custom or policy result[s] . . . in deliberate indifference to

4

constitutional rights," or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. at 1048.

Finally, a government entity may only be held liable under § 1983 when a governmental policy or custom is the "moving force" behind the constitutional deprivation. E.g., Perez v. Miami-Dade Cnty., 168 F. App'x 338, 340 (11th Cir. 2006).

## II.   The Amended Complaint

As previously stated, Plaintiff invokes federal question jurisdiction under 42 U.S.C. § 1983.[1] (Am. Compl. ¶ 1.) Plaintiff suggests that venue is proper in the Dublin Division of the Southern District of Georgia since he was incarcerated there. (Id. ¶ 3.) Plaintiff then introduces the categories of Defendants, and in some instances he briefly describes the nature of the claims against the Defendants. (Id. ¶¶ 4-30.)

Next are Plaintiff's factual allegations. (Id. ¶¶ 31-121). The initial allegations center on the failure to provide prescribed medication and other claims of deliberate indifference to medical

---

[1] Plaintiff also invokes the Court's supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) (Am. Compl. ¶ 2), but he does not plead a state law claim in any count in the amended complaint.  His singular invocation of supplemental jurisdiction is insufficient to state a claim for relief under state law.

needs.  Plaintiff then concentrates on an assault he experienced at the hands of another detainee only described as "Footman." Finally, Plaintiff discusses the responsibility of a hospital covered by the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and the failures of the Medical Defendants.[2]  Because the Medical Defendants have not joined in the motion to dismiss, the Court will not detail the allegations against them.

The Court will now summarize the factual allegations.[3] Plaintiff came into the Telfair County Jail as a pretrial detainee on September 18, 2020.  In the first few days, Plaintiff was told that his prescription medication would not be provided to him regardless of whether it was through the jail or brought to the jail by his mother.  So, he did not receive medication for his COPD, a bleeding peptic ulcer, GERD, depression, anxiety, allergies, pain from a rod in his leg, and anemia.  Plaintiff immediately vomited blood from the peptic ulcer.  He was scheduled for an endoscopy on September 24 by his private physician, Dr. Todd Peacock, but he did not have this procedure.  Moreover,

---

[2] The Medical Defendants include the Hospital Authority of Dodge County, The Southland Medical Group, and Drs. Baruti and Goberdahn.

[3] Because of the summary nature of this discussion, the Court will not provide pinpoint citations.

despite the phone calls from Dr. Peacock to certain named supervising officers, the prescribed medication was not provided.

In late September, Plaintiff had a seizure. Unnamed jailers placed Plaintiff in a "form of wheeled-chair" and pushed Plaintiff through a doorway causing him to hit his knee on the leg that has a rod in it. Plaintiff alleges that because of complications arising from injuries from an assault on October 21, 2020, he never received proper medical care for this injury to his leg.

On October 21, 2020, Plaintiff was assaulted by Footman, who had assaulted another detainee only two days prior. On the day of the assault, Footman assaulted yet another detainee named Lockett prior to the assault on Plaintiff. Plaintiff complains that despite Footman's known aggression, he was permitted to roam the jail unrestrained. During the assault, Footman kicked Plaintiff in the crotch, causing the skin on his penis to split open exposing the plastic implant in his penis. The beating lasted seven to ten minutes; certain named officers had an opportunity to intervene but did not. Plaintiff further alleges that certain named supervising officers allowed the jail to be operated "under a reign of terror, without lawful control of persons perceived to be an imminent threat to others."

In the days that followed, Plaintiff requested but was denied medical care for his penis. Instead, certain officers laughed at Plaintiff and his plight. The only relief provided to Plaintiff

7

was hydrogen peroxide for self-treatment.  Plaintiff alleges that he complained day and night to named Defendants about his open wound, possible infection and excruciating pain.   No one took action.  Also, there was no care provided despite phone calls from Dr. Peacock and Plaintiff's mother.

Ultimately, Plaintiff's penis became infected.   On November 24, 2020, at the direction of Sheriff Steverson, and following the prompting of Dr. Peacock, Plaintiff was taken to Dodge County Hospital.  Instead of referring him to a specialist, the Medical Defendants turned Plaintiff's care back to the County Defendants. Plaintiff was taken back to the jail and again provided hydrogen peroxide, which Plaintiff alleges caused further internal injury and permanent damage.

On December 30, 2020, Plaintiff was taken to Urgent Care because of his infected penis.  The physician there told Defendant Captain Carver that Plaintiff needed to see a specialist in Atlanta immediately.  This was not done.[4]

Plaintiff did not receive adequate treatment for his penis injury until after his release in March 2021 when he returned to his urologist, Dr. Tariq Hakky.  Plaintiff alleges that Dr. Hakky

---

[4] Captain Donnie Stokes, who is not a named defendant, took Plaintiff to a local urologist on February 24, 2021.  This doctor, Dr. Edward Hayes, was shocked by Plaintiff's condition and announced that Plaintiff would have to have numerous surgeries in Atlanta.

had also called the jail prior to his release to implore his jailors to provide appropriate medical treatment. The failure to treat the penis injury resulted in an infection and permanent injury. Plaintiff has had to undergo seven or more operations and has lost the use of the previously corrected organ.

On December 11, 2020, Plaintiff began a three-day breathing attack. He lay in distress on the floor of his cell. On December 14, 2020, Plaintiff was provided Albuterol; he was provided Breo in January 2021. Because of the prolonged absence of his prescribed medication, Plaintiff has allegedly suffered permanent lung injury and requires the use of oxygen.

On January 21, 2021, Sheriff Davidson became sheriff but he did not change any existing unconstitutional policy or ensure proper medical treatment was provided to Plaintiff. On March 4, 2021, Plaintiff was released from the Telfair County Jail, allegedly so as to avoid the medical costs of treating Plaintiff's condition.

In announcing the causes of action or claims in the case, the amended complaint states the claim in a "Count," lists the defendant of each claim either by name or by grouping, and then simply incorporates by reference the corresponding factual allegations.[5]

_____

[5] This is true with all claims except Count 1, to which the Court will return *infra*.

Count 2 states a claim that the Sheriff[6] and Defendants Chief Billy Johnson, Capt. Kyle Carver, Lt. Terry Moon, Staff Sgt. Fussell, and Sgt. Alisa Zanders ("the Supervising Deputies") had a deficient policy or failure of training with respect to isolating inmates who pose a substantial risk of harm to other inmates. Plaintiff incorporates the factual allegations pertaining to Footman's assault on him.

Count 3 states a claim that the Supervising Deputies and Defendant Officers, all of whom are named, failed to isolate Footman knowing he presented a substantial risk of assault. Plaintiff also alleges that Defendants FNU Clemmons and Toler and the unknown guard in the tower failed to restrain Footman when they saw him acting erratically that day. Plaintiff again incorporates the factual allegations pertaining to Footman's assault on him.

Count 4 also pertains to the assault. It states a claim that the Supervising Deputies and Defendant Officers, all named therein, failed to timely intervene in the assault even though they had the opportunity to do so.

Count 5 addresses the alleged failure to provide adequate medical care and treatment to Plaintiff during his period of

---

[6] Plaintiff does not name which Sheriff to which he is referring; however, given that the allegations concern the assault in October 2020, the claim must be against Former Sheriff Steverson.

incarceration.   In this count, Plaintiff attempts to identify a policy, practice or custom of the County Defendants' failing to provide adequate medical care to pretrial detainees.   On the one hand, Plaintiff alleges that the County and County Commissioners had a policy (perhaps written, perhaps not) of not providing funding to allow for adequate medical care.   On the other hand, Plaintiff alleges that the County and County Commissioners may have had a written policy about the provision of medical care that was neither followed nor enforced throughout his period of incarceration.   He also alleges in this count that Sheriff Steverson and Chief Billy Johnson, Capt. Kyle Carver, and Lt. Terry Moon failed to require that Plaintiff be treated by outside medical providers and were otherwise deliberately indifferent to Plaintiff's medical needs.   Plaintiff incorporates the factual allegations pertaining to the failure to provide his prescription medication and the lack of treatment for the injuries sustained in the assault.

Count 6 targets the failure to provide prescription medication, incorporating the relevant factual allegations.   Here, Plaintiff names the County, County Commissioners, and the Sheriff,[7]

---

[7] Again, Plaintiff does not name the Sheriff, but the incorporated factual allegations involve the time period in which Former Sheriff Steverson was sheriff.

11

alleging that they had a policy or custom of not funding for the provision of or of not providing prescribed medication.

Count 7 is very similar to Count 6.  It once again names only the County, County Commissioners, and the Sheriff, alleging that they had a policy or custom of not funding for the provision of or of not providing necessary physician-ordered medical care for serious medical conditions.  This count incorporates the factual allegations pertaining to the period of time that local physicians advised Defendants that Plaintiff should be treated by a specialist in Atlanta, Georgia.  Notably, this period of time covered the tenures of both named Sheriffs:  Former Sheriff Steverson and Sheriff Davidson.

Counts 8 through 10 concern the Medical Defendants and is not relevant to the instant motion.

Count 11 is a claim solely against the County for the medical care expenses incurred by Plaintiff after his release from Telfair County Jail.

Count 1 does not incorporate any previously mentioned factual allegations; rather, it sets forth the relevant factual allegations therein.  It is a claim against the Sheriff (presumably Former Sheriff Steverson), Chief Billy Johnson, Capt. Kyle Carver, Lt. Terry Moon, Staff Sgt. Fussell, Sgt. Alisa Zanders and Ron Bowdoin (the officer who signed Plaintiff's warrant).  Plaintiff alleges therein that these Defendants had a policy or custom of

12

failing to provide a pretrial detainee with bail or a probable cause hearing within the time prescribed by state law. In fact, Plaintiff alleges that he never received a bail hearing or a probable cause hearing during his period of incarceration.

## III. Shotgun Pleading

The County Defendants first contend that the amended complaint is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure.[8] The Eleventh Circuit has identified four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Barmapov v. Amuial, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (quoting Weiland v. Palm Beach Cnty.

---

[8] A complaint violates Rule 8(a)(2) when it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. McDonough v. City of Homestead, 771 F. App'x 368, 371 (11th Cir. 2019) (quoted source omitted).

13

Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

The County Defendants contend that the amended complaint falls within the last two categories. At the outset the Court notes that Plaintiff has not had the benefit of discovery; yet, Defendants have stated in brief that Plaintiff's amended complaint suffers from a failure of proof or lack of evidence. Perhaps it is best to recall that on a motion to dismiss, the Court is asking only whether a plaintiff has provided sufficient factual allegations to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on judicial experience and common sense." Id. at 663. The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. Twombly, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." Id. at 555.

14

In this case, Plaintiff provides the supporting factual allegations of each count by incorporation.  While this manner of pleading is unorthodox, Plaintiff adequately identifies the underlying facts by numbered paragraphs, facts which are laid out in a relatively straightforward manner.  Thus, the question for the Court is whether the incorporated facts are sufficient to state a plausible claim for relief.  With respect to the County Defendants' claim that the amended complaint is a shotgun pleading, the question is even more basic: do the counts provide adequate notice of the claim for relief sufficient to allow Defendants an opportunity to respond?

Based upon the summary of § 1983 liability set forth above and judicial experience with § 1983 cases, the Court easily deduces that Plaintiff is asserting a claim for some deprivation of constitutional rights under § 1983 in each count of the amended complaint.  For the most part, each count is distinct from the other.  Also, most of the counts name the specific Defendant(s) against whom Plaintiff asserts the claim.  For these reasons, the Court does not conclude that the entirety of the amended complaint is a shotgun pleading.  That is, with respect to most counts, Defendants have been provided adequate notice of the claims against them and the grounds for relief.  Some of the counts, however, fail to assert a single, clearly identifiable claim.  It is also

unclear which of the Defendants against whom the claims are brought.

Count 5 is problematic for a few reasons. First, it alleges multiple, even contradictory, claims. It states that there was a policy, practice and custom of not providing adequate medical care within the jail, but it also alleges that there was a policy to provide adequate care that was not followed. It also alleges that there was a failure to provide *outside* medical care when necessary. With respect to his claim, Plaintiff names Defendants Chief Billy Johnson, Capt. Kyle Carver, and Lt. Terry Moon specifically. (Am. Compl. ¶ 148. This appears to be a deliberate indifference to serious medical needs claim – a direct liability claim versus a supervisory claim involving a policy or custom. Count 5 incorporates factual allegations that specifically name other Defendants, such as Officers Clements, Toby, McRae, Roundtee, Eubanks, Powell, Carter, Hulett, Johnson, Ocasio, McLoon, Battle and Floyd, who allegedly knew of Plaintiff's serious medical condition and failed to act. (Id. ¶ 70.) There are also other incorporated factual allegations against specific officers who allegedly failed to act in the provision of medical care. (See id. ¶¶ 86, 92, 96, 102.) In the end, this count impermissibly includes multiple allegations against multiple defendants of ways Plaintiff was deprived of necessary medical care to include direct involvement claims, supervisory claims of unconstitutional policy

or custom, and governmental claims of unconstitutional policy or custom.

Count 7 also includes both a direct liability claim against the Sheriff for not providing physician-mandated care to Plaintiff for his serious medical conditions and a governmental claim against the County Commissioners for not providing funding for necessary medical care. Thus, this count also impermissibly includes multiple claims.

Counts 3 and 4 involve Footman's attack on Plaintiff, relating to the failure to isolate Footman (Count 3) and the failure to intervene in the assault of Plaintiff (Count 4). In these counts, Plaintiff does not allege that any policy or custom exists which caused this attack. Thus, Plaintiff must show personal involvement of the individual Defendants to establish the necessary causal link to the constitutional deprivation. As stated before, supervisory liability cannot support a § 1983 claim. Accordingly, Plaintiff must allege with specificity which individual Defendant(s) had personally involvement in the constitutional violation. It is insufficient to summarily state that an officer "may have been working that day" or "would have been told of the assault."

In conclusion, Plaintiff recognizes, as he must, that § 1983 does not afford supervisory liability for those state actors who are not personally involved in the deprivation of rights. In this

regard, Plaintiff attempts to allege that individual County Defendants maintained unconstitutional policies, practices, or customs that deprived him of his constitutional rights. Similarly, Plaintiff seeks to hold the County, the County Commissioners, and the Sheriffs responsible for alleged unconstitutional policies, practices, or customs. Plaintiff, however, should not include these different theories of § 1983 liability in a single count. Moreover, the supervisory liability claims should not be included in counts alleging direct liability of individual officers. Each count should state a theory of § 1983 liability with the constitutional deprivation, carefully naming the particular defendant(s) responsible for the deprivation and the factual allegations underlying the claim. Because Plaintiff does not do so throughout his amended complaint, he must correct the deficiencies.

Because the Court mandates the filing of a second amended complaint, Plaintiff should restate __all__ of his claims with numbered allegations so that Defendants may more readily answer. That is, for example, Plaintiff should simply title the claim "Count 2" and then assert in sequentially numbered paragraphs thereunder the specific claim of § 1983 liability. Importantly, Plaintiff should heed the dismissals of certain claims and Defendants mentioned below.

## IV.   Other Grounds for Dismissal

### A.   Statute of Limitations

Defendants contend that Count 1 pertaining to Plaintiff's incarceration without benefit of a bond hearing or probable cause hearing must be dismissed under the applicable statute of limitations.   Section 1983 claims are subject to the statute of limitations governing personal injury actions in the forum state; in Georgia, personal injury actions have a two-year statute of limitations.   Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).   The statute of limitations begins to run when the facts supporting the cause of action are or should be reasonably apparent to the plaintiff.   See, e.g., Jones v. Bock, 549 U.S. 199, 215 (2007).

The United States Supreme Court has held that an arrestee must be provided a probable cause hearing within 48 hours of arrest.[9]   Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). The Eleventh Circuit has held that the two-year statute of limitations period for § 1983 claims for a McLaughlin claim begins to run when the 48-hour time period expires.   Johnson v. County of Paulding, Ga., 780 F. App'x 796, 798-99 (11th Cir. 2019).   Thus, in the case at bar, Plaintiff's McLaughlin claim alleging a

---

[9] Plaintiff inexplicably states, without authority, that a probable cause hearing must be held within 14 days of arrest.

deprivation of his constitutional right to a probable cause hearing began to run 48 hours after his arrest on September 21, 2020. Because Plaintiff did not file this case until October 21, 2022, his McLaughlin claim is time-barred.[10]

Plaintiff's claim for deprivation of his constitutional right to a bond hearing fares no better. Plaintiff alleges that he is entitled to a bond hearing within 72 hours of arrest but was not provided one. (Am. Compl. ¶¶ 123-25 (citing O.C.G.A. § 17-4-26).) Again, this cause of action would accrue three days after his arrest-or September 24, 2020; thus, because the lawsuit was not filed until October 2022, the claim for failure to provide a bond hearing is time-barred. Accord Benjamin v. Doe, 2021 WL 4220677 (M.D. Ga. June 11, 2021).

In response, Plaintiff first states that his cause of action is one of false imprisonment under state law, and as such, it did not accrue until his release. As previously explained, _supra_ note 1, the amended complaint fails to assert a state law claim, and Plaintiff cannot add one in brief. Second, Plaintiff contends

---

[10] Of note, a probable cause hearing is not required if a person is arrested by virtue of a warrant. In this case, Plaintiff alleges that Defendant Ron Bowdoin is sued "for signing the arrest warrant for Plaintiff." (Am. Compl. ¶ 18.) If there was a warrant, then Plaintiff can hardly be heard to complain about the lack of a probable cause hearing. See Jackson v. Hamm, 78 F. Supp. 2d 1233, 1238 (M.D. Ala. 1999). Thus, notwithstanding the statute of limitations, the factual allegations fail to provide a plausible claim for relief for the failure to conduct a probable cause hearing.

that his period of incarceration without the necessary hearings is a continuing violation and thus, the cause of action did not accrue until his release.  He does not, however, provide any supporting case law or adequately distinguish the contradictory case law cited herein.

In conclusion, Count 1 of Plaintiff's amended complaint is barred by the applicable statute of limitations.  Moreover, because Defendant Ron Bowdoin is named only in Count 1, he is dismissed from the case.

B. Official Capacity Claims

Plaintiff has sued the individual County Defendants (i.e., the Sheriffs, the Supervising Deputies, and the Officers[11]) in both their individual and official capacities.  First, the Eleventh Amendment unequivocally bars § 1983 claims against the state or an agency of the state.  Eleventh Amendment immunity extends to state officials sued in their official capacities when "'the state is the real, substantial party in interest.'"   Carr v. City of

---

[11] As explained below, the Court is dismissing the following individual Defendants:  FNU Clemmons; Ron Bowdoin; FNU and LNU Black Woman in tower when Plaintiff assaulted 10.21.22; Officer Clements; Officer Toby; Officer Roundtree; Officer Eubanks; Officer Carter; Officer Johnson, Officer Ocasio, and Officer McLoon as well as Unknown Officers, John and Mary Doe 1-20 and Dr. Jane or John Doe.  This leaves the Supervising Deputies Chief Billy Johnson, Capt. Kyle Carver, Lt. Terry Moon, Staff Sgt. Fussell, Sgt. Alisa Zanders, and FNU Toler as well as Officers McRae, Powell, Hulett, Battle and Floyd.

Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990) (quoted source omitted).   In Georgia, a sheriff and his deputies are considered arms of the state when operating a county jail.   Manders v. Lee, 338 F.3d 1304, 1319 (11th Cir. 2003); see also Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1325 (11th Cir. 2005) (extending Eleventh Amendment immunity to a sheriff and his deputies when "promulgating policies and procedures governing [the] conditions of confinement in county jails").   This protection extends to the provision of medical services to inmates of county jails.   See, e.g., Palmer v. Correct Care Sols., 291 F. Supp. 3d 1357, 1366 (M.D. Ga. 2017) (citing Lake v. Skelton, 840 F.3d 1334, 1340-41 (11th Cir. 2016)).   Thus, The Eleventh Amendment bars Plaintiff's § 1983 claims brought against Former Sheriff Steverson and Sheriff Davidson and any Deputy sued in their official capacities.

Second, Plaintiff may not maintain claims against the other individual Defendants (i.e., the Officers) in their official capacities because such claims are simply "'another way of pleading an action against an entity of which an officer is an agent.'" Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoted source omitted).   Stated another way, the official capacity claims against the Defendant Officers are, in actuality, claims against their employer, Telfair County.

Upon the foregoing, the official-capacity claims against the individual Defendants in this case must be dismissed.

### C.   Fictitious Party Pleading

Plaintiff has included in his amended complaint numerous fictitious Defendants, meaning the identity of the Defendant is either entirely unknown, as in the case of the John Doe Defendants, or their full names were unknown to Plaintiff at the time of filing.   Generally speaking, fictitious party pleading is not permitted in federal court.   Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); New v. Sports & Rec., Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).   The Eleventh Circuit has created a limited exception to this rule in instances where the plaintiff's description is so specific that the person's name would be essentially surplusage.   See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992), cited in Richardson v. Johnson, 598 F.3d at 738.

Since the Court has already determined that Plaintiff must file a second amended complaint, he should be careful not to name fictitious parties unless it falls within the exception identified herein.   Also, Plaintiff should provide the full name of a defendant to the extent that the County Defendants have endeavored to identify the party.

23

D.  Service Issues

The Court *sua sponte* raises the issue of service of process. On January 19, 2023, the United States Magistrate Judge granted Plaintiff a sixty-day extension of time to effect service of the complaint.  (Order of Jan. 19, 2023, Doc. No. 21.)  The Order further states that no further extensions would be granted.  (Id.) Plaintiff failed to serve the following Defendants as directed: FNU Clemmons; FNU and LNU Black Woman in tower when Plaintiff assaulted 10.21.22; Officer Clements; Officer Toby; Officer Roundtree; Officer Eubanks; Officer Carter; Officer Johnson, Officer Ocasio, and Officer McLoon.  Accordingly, these Defendants are dismissed without prejudice.  See Fed. R. Civ. P. 4(m).

**V.  Conclusion**

Upon the foregoing, the County Defendants' motion to dismiss (doc. no. 22) is **GRANTED IN PART.**  Specifically, Count 1 of the Amended Complaint is dismissed.  The following Defendants are also dismissed:  FNU Clemmons; Ron Bowdoin; FNU and LNU Black Woman in tower when Plaintiff assaulted 10.21.22; Officer Clements; Officer Toby; Officer Roundtree; Officer Eubanks; Officer Carter; Officer Johnson, Officer Ocasio, and Officer McLoon as well as Unknown Officers, John and Mary Doe 1-20 and Dr. Jane or John Doe.  Finally, any official-capacity claims against the remaining individual Defendants are also dismissed.

24

Further, Plaintiff is hereby **ORDERED** to file a second amended complaint to correct the deficiencies identified herein by close of business on August 11, 2023.   Failure to file an amended pleading in compliance with this Order may result in dismissal of the relevant counts without further notice.   Once Plaintiff files his second amended complaint, Defendants shall file their answer or other responsive pleading in accordance with Rule 12(a)(4), Fed. R. Civ. P.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE