IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-145 |
| | ) | |
| TELFAIR COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Battle, Boone, Bradshaw, Carver, Floyd, Fussell, Hulett, Johnson, Moon, Neal, Powell, Steverson, Telfair County, Toler, White, Williams, and Zanders (collectively the "Telfair County Defendants") move to stay discovery, including all Rule 26 obligations, pending a ruling on their Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. no. 59.) Plaintiff opposes the stay. (Doc. no. 64.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from the Telfair County Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion has the potential to be dispositive of important aspects of the case, as the motion seeks dismissal of a multitude of claims against these Defendants. (See doc. no. 56.) The scope of discovery may be drastically limited if any portion of the motion to dismiss is granted, thus, it makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. This is especially true here considering the scope of factual allegations and claims against the Telfair County Defendants. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

For these reasons, the Court **GRANTS** the Telfair County Defendants' motion, (doc. no. 59), and **STAYS** all aspects of discovery pending resolution of their motion to dismiss. Thus, the pending Rule 26(f) Report is **MOOT**. (Doc. no. 46.) The parties shall confer and submit a new Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instruction to the parties that justifies continuation of the stay, the

parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

    SO ORDERED this 2nd day of October, 2023, at Augusta, Georgia.

                                                 BRIAN K. EPPS
                                                 UNITED STATES MAGISTRATE JUDGE
                                                 SOUTHERN DISTRICT OF GEORGIA